IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER:

SHAWN WEINSTOCK, an individual,

    Plaintiff,

v.

BEHAVIORAL HEALTH TRANSPORT INC,
a Florida Corporation, WE CARE OF THE
TREASURE COAST, INC., a Florida Corporation,
and HARALAMBOS BARAKOS, individually,

    Defendants,
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, SHAWN WEINSTOCK (hereinafter referred to as "WEINSTOCK"), by and through his undersigned counsel, hereby files this Complaint against the Defendants, BEHAVIORAL HEALTH TRANSPORT INC, a Florida Corporation, WE CARE OF THE TREASURE COAST, INC., a Florida Corporation, and HARALAMBOS BARAKOS (collectively referred to as the "DEFENDANTS"), and in support states as follows:

### Jurisdictional Allegations

1. The Plaintiff, WEINSTOCK, seeks to recover from the DEFENDANTS unpaid overtime compensation and unpaid wages owed to him, as well as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et. seq.*, and specifically under the provisions of the Fair Labor Standards Act (hereinafter referred to as the "FLSA"), as amended, 29 U.S.C. § 216 (b), and Florida Statute § 448.110 *et. seq.*

2. WEINSTOCK is an individual who resides in Palm Beach County, Florida and at

all times material to this Complaint, and is *sui juris*.

3. BEHAVIORAL HEALTH TRANSPORT INC (hereinafter referred to as "BHT") is a registered Florida corporation, and at all times material to this Complaint, conducted business in St. Lucie County, Florida.

4. WE CARE OF THE TREASURE COAST, INC. (hereinafter referred to as "WE CARE") is a registered Florida corporation, and at all times material to this Complaint, conducted business in St. Lucie County, Florida.

5. At all times material to this Complaint, HARALAMBOS BARAKOS (hereinafter referred to as "BARAKOS") owned, managed, and/or operated BHT, and regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate of pay of employees, and controlled the finances and operations of BHT. By virtue of such control and authority, BARAKOS is an employer of WEINSTOCK, as such term is defined by the FLSA. 29 U.S.C. § 203(d).

6. At all times material to this Complaint, HARALAMBOS BARAKOS (hereinafter referred to as "BARAKOS") owned, managed, and/or operated WE CARE, and regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate of pay of employees, and controlled the finances and operations of WE CARE. By virtue of such control and authority, BARAKOS is an employer of WEINSTOCK, as such term is defined by the FLSA. 29 U.S.C. § 203(d).

7. At all times material to this Complaint, DEFENDANTS had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods, services and/or materials that have been moved in or produced for commerce.

8. At all times material to this Complaint, Defendant BHT was an enterprise

engaged in commerce or in the production of goods for commerce and was an employer as defined in 29 U.S.C. §§ 203(r) and 203(s).

9. At all times material to this Complaint, Defendant WE CARE was an enterprise engaged in commerce or in the production of goods for commerce and was an employer as defined in 29 U.S.C. §§ 203(r) and 203(s).

10. At all times material to this Complaint, the annual gross sales volume of BHT was in excess of $500,000.00 per annum.

11. At all times material to this Complaint, the annual gross sales volume of WE CARE was in excess of $500,000.00 per annum.

12. Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b).

13. Venue is proper as the causes of action occurred in the Southern District of Florida.

14. All conditional precedent have been met or waived.

## General Allegations

15. This is a case for unpaid wages and unpaid overtime where WEINSTOCK worked for the DEFENDANTS, but was not properly compensated pursuant to the FLSA and Fla. Stat. § 448.110.

16. BHT, is a Florida corporation that provides transportation services to medical patients in South Florida.

17. WE CARE, is a Florida Corporation that provides transportation services to patients in South Florida.

18. WEINSTOCK was employed by both DEFENDANTS beginning in 2010, until October 23, 2015.

19. While employed by WE CARE, WEINSTOCK was responsible for responding to calls and dispatching transportation of WE CARE to pick up patients.

20. While employed by BHT, WEINSTOCK was in charge of overseeing the operations of BHT.

21. Although WEINSTOCK was an employee of both BHT and WE CARE simultaneously, he was initially only compensated for his work at WE CARE.

22. In 2011, WEINSTOCK was promoted to Quality Assurance Manager of WE CARE.

23. WEINSTOCK was paid $16.61 per hour by WE CARE and/or BHT at the times when he was actually paid.

24. In 2012, 2013 and 2014, WEINSTOCK worked as an employee of WE CARE, and also as an employee of BHT, but was only compensated for his work at WE CARE.

25. On January 16, 2015 WEINSTOCK was promoted to Field Operations Manager of BHT.

26. At the time of this promotion, WEINSTOCK began receiving paychecks from BHT for his work at BHT, but the compensation for his work at WE CARE ceased altogether.

27. From that date on, WEINSTOCK was only compensated for work performed for BHT, even though he continued to work for WE CARE.

28. As part of WEINSTOCK's employment with WE CARE, he was tasked with answering the phones and dispatching units.

29. WEINSTOCK worked every Thursday for fifteen (15) hours, and once a month he would also work fifteen (15) hours on Tuesday.

30. Every third week of the month, WEINSTOCK worked Thursday and Friday for

15 hours each day, and Saturday and Sunday for twenty-four (24) hours each day.

31. WEINSTOCK did not receive any compensation for these hours that he worked for WE CARE.

32. While he was a full-time employee of BHT, WEINSTOCK was also an active employee of WE CARE, as evidenced by an Employment Verification Letter executed by Nicolas Keriazis, General Manager for the DEFENDANTS. See Exhibit "A."

33. Florida's minimum wage in 2015 is $8.05 per hour. § 448.110, Fla. Stat. (2015).

34. From January 16, 2015 to October 23, 2015, WE CARE failed to compensate WEINSTOCK for any of the hours that he worked.

35. From the end of 2012 and through 2014, BHT failed to compensate WEINSTOCK for any of the hours that he worked.

36. Thus, WEINSTOCK was paid less than the Federal and Florida's minimum wage.

37. The DEFENDANTS willfully and intentionally failed to pay WEINSTOCK at least minimum wage for each hour that he worked.

38. WEINSTOCK estimates that he worked 115 regular hours and 38 overtime hours for WE CARE between January 16, 2015 and October 23, 2015, for which he was not properly compensated.

39. WEINSTOCK estimates that he worked 980 regular hours for BHT between November 2012 and January 16, 2015, for which he was not properly compensated.

40. WEISNTOCK should have been compensated at the rate of $16.61 from both BHT and WE CARE for all of the hours that he worked, as per the terms and conditions of his employment with each entity.

41. WEINSTOCK requested payment for his unpaid wages and unpaid overtime in a

letter sent to the DEFENDANTS on November 12, 2015, but he was not compensated for his unpaid wages and overtime.

42.     WEINSTOCK estimates the total of unpaid overtime and unpaid wages due to him is $43,935.35, which includes $26,328.75 in unpaid wages and overtime from WE CARE and $17,606.60 in unpaid wages from BHT.

43.     WEINSTOCK is also seeking an equal amount as liquidated damages from BHT and WE CARE.

44.     Based on these allegations, WEINSTOCK seeks to recover relief from DEFENDANTS which includes, but is not limited to, lost wages, liquidated damages, other compensatory and damages, and attorneys' fees and costs.

45.     Due to the actions of DEFENDANTS, WEINSTOCK has been forced to retain the services of the undersigned attorneys, and is obligated to pay reasonable attorneys' fees and costs for their services.

## Count I – Overtime Violation of FLSA as to WE CARE and BARAKOS

46.     WEINSTOCK avers all of the allegations contained in paragraphs 1 through 45 above, and incorporates them by reference as though they were fully set forth herein.

47.     WENSTOCK brings this action against Defendants WE CARE and BARAKOS for unpaid overtime compensation owed to him pursuant to the FLSA.

48.     An employer who employs an employee for more than forty hours in any work week must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate of pay. 29 U.S.C. § 207(a)(1).

49.     WEINSTOCK was entitled to be paid time and one-half of his regular rate of pay for each hour that he worked for DEFENDANTS in excess of forty (40) hours per between

January 2015 and October 2015.

50. WEINSTOCK regularly worked in excess of forty (40) hours in a workweek, but was not paid time and one-half his regular rate of pay for all of the overtime hours that he worked.

51. WE CARE and BARAKOS violated the FLSA when they failed to pay WEINSTOCK time and one-half his regular rate of pay for all hours that he worked in excess of forty (40) each week.

52. WE CARE and BARAKOS knowingly and willfully failed to pay WEINSTOCK overtime compensation at a rate of time and one-half of his regular rate of pay for all of the hours he worked in excess of forty (40) per week.

53. By reason of the said intentional, willful and unlawful acts of Defendants WE CARE and BARAKOS, WEINSTOCK has suffered monetary losses by being denied overtime wages, pursuant to the FLSA, 29 U.S.C. § 207(a)(1).

54. WEINSTOCK is entitled to the full amount of unpaid overtime, plus an equal amount as liquidated damages. 29 U.S.C. § 216.

55. As a result of WE CARE and BARAKOS's willful and intentional violations of the FLSA, WEINSTOCK is entitled to be paid based on a three-year statute of limitations period.

56. WEINSTOCK has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), he is entitled to recover all of his reasonable attorneys' fees and costs incurred in this action from WE CARE and BARAKOS.

WHEREFORE, the Plaintiff, SHAWN WEINSTOCK respectfully requests judgment against the Defendants, WE CARE OF THE TREASURE COAST INC. and HARALAMBOS BARAKOS, individually, for the payment of all unpaid overtime due for the hours worked by

WEINSTOCK, for which he was not properly compensated, including prejudgment interest, liquidated damages, reasonable attorneys' fees and costs, and for all other relief as this Honorable Court may deem just and proper.

### Count II- Minimum Wage Violation of FLSA as to WE CARE and BARAKOS

57. WEINSTOCK avers all of the allegations contained in paragraphs 1 through 45, and incorporates them by reference as though they were fully set forth herein.

58. WEINSTOCK brings this action against WE CARE and BARAKOS for unpaid wages and and/or money owed to him pursuant to the FLSA.

59. The FLSA requires that employers pay employees a minimum hourly wage. 29 U.S.C. § 201, *et seq.*

60. WE CARE and BARAKOS were WEINSTOCK's employers as defined by the FLSA.

61. WEINSTOCK is entitled to be paid time at least minimum wage for each hour that he worked for Defendants WE CARE and BARAKOS within the two (2) year statute of limitations period between January 2015 and October 2015.

62. WEINSTOCK never received compensation for the work that he performed between January 2015 and October 2015.

63. WE CARE and BARAKOS violated the FLSA when they failed to pay WEINSTOCK at least minimum wage for each hour that he worked.

64. WE CARE and BARAKOS knowingly and willfully failed to pay WEINSTOCK properly and at least minimum wage for all of the hours that he worked each week.

65. By reason of the said intentional, willful and unlawful acts of Defendants WE CARE and BARAKOS, WEINSTOCK has suffered monetary losses by being denied wages, pursuant to the FLSA.

66. As a result of WE CARE and BARAKOS's violations of the FLSA, WEINSTOCK is entitled to the full amount of back pay, plus an equal amount as liquidated damages. 29 U.S.C. § 216.

67. WEINSTOCK has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), he is entitled to recover all of his reasonable attorneys' fees and costs incurred in this action from the WE CARE and BARAKOS.

WHEREFORE, the Plaintiff, SHAWN WEINSTOCK respectfully requests judgment against the Defendants, WE CARE OF THE TREASURE COAST INC. and HARALAMBOS BARAKOS, individually, for the payment of all unpaid wages due for the hours worked by WEINSTOCK, for which he was not properly compensated, including prejudgment interest, liquidated damages, reasonable attorneys' fees and costs, and for all other relief as this Honorable Court may deem just and proper.

### Count III – Minimum Wage Violation of Florida Statute § 448.110 as to WE CARE and BARAKOS

68. WEINSTOCK avers all of the allegations contained in paragraphs 1 through 45, and incorporates them by reference as though they were fully set forth herein.

69. WEINSTOCK brings this action against WE CARE and BARAKOS for unpaid wages and and/or money owed to him pursuant to the Florida Statute § 448.110.

70. WEINSTOCK is entitled to be paid time at least Florida's minimum wage for each hour that he worked for WE CARE and BARAKOS within the two (2) year statute of limitations period between January 2015 and October 2015.

71. When WEINSTOCK performed work for WE CARE and BARAKOS, he was not compensated at least Florida's minimum wage. In fact, he was not compensated at all.

72. Florida's minimum wage in 2015 was $8.05 per hour. § 448.110, Fla. Stat. (2015).

73. WE CARE and BARAKOS violated Florida Statute § 448.110 when they failed to pay WEINSTOCK at least Florida's minimum wage for each hour that he worked.

74. WE CARE and BARAKOS knowingly and willfully failed to pay WEINSTOCK at least Florida's minimum wage for all of the hours that he worked each week.

75. By reason of the said intentional, willful and unlawful acts of Defendants WE CARE and BARAKOS, WEINSTOCK has suffered monetary losses by being denied wages, pursuant to Florida Statute § 448.110.

76. As a result of WE CARE and BARAKOS' violations of Florida Statute § 448.110, WEINSTOCK is entitled to the full amount of back pay, plus an equal amount as liquidated damages. § 448.110(6)(c), Fla. Stat.

77. WEINSTOCK has retained the undersigned counsel to represent him in this action, and pursuant to § 448.110(6)(c)(2), Fla. Stat., he is entitled to recover all of her reasonable attorneys' fees and costs incurred in this action from WE CARE AND BARAKOS.

WHEREFORE, the Plaintiff, SHAWN WEINSTOCK respectfully requests judgment against the Defendants, WE CARE OF THE TREASURE COAST INC. and HARALAMBOS BARAKOS, individually, for the payment of all unpaid wages due for the hours worked by WEINSTOCK, for which he was not properly compensated, including prejudgment interest, liquidated damages, reasonable attorneys' fees and costs, and for all other relief as this Honorable Court may deem just and proper.

## Count IV- Minimum Wage Violation of FLSA as to BHT and BARAKOS

78. WEINSTOCK avers all of the allegations contained in paragraphs 1 through 45, and incorporates them by reference as though they were fully set forth herein.

79. WEINSTOCK brings this action against BHT and BARAKOS for unpaid wages and and/or money owed to him pursuant to the FLSA.

80. The FLSA requires that employers pay employees a minimum hourly wage. 29 U.S.C. § 201, *et seq.*

81. BHT and BARAKOS were WEINSTOCK's employers as defined by the FLSA.

82. WEINSTOCK is entitled to be paid time at least minimum wage for each hour that he worked for BHT and BARAKOS within the three (3) year statute of limitations period between November 2012 and October 2015.

83. WEINSTOCK never received compensation for the work performed between November 2012 and January 2015, or for his last week that he worked in October 2015.

84. BHT and BARAKOS knowingly, willfully and intentionally violated the FLSA when they failed to pay WEINSTOCK at least minimum wage for each hour that he worked.

85. By reason of the said intentional, willful and unlawful acts of BHT and BARAKOS, WEINSTOCK has suffered monetary losses by being denied wages, pursuant to the FLSA.

86. As a result of BHT and BARAKOS' violations of the FLSA, WEINSTOCK is entitled to the full amount of back pay, plus an equal amount as liquidated damages. 29 U.S.C. § 216.

87.  WEINSTOCK has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), he is entitled to recover all of his reasonable attorneys' fees and costs incurred in this action from BHT and BARAKOS.

WHEREFORE, the Plaintiff, SHAWN WEINSTOCK respectfully requests judgment against the Defendants, BEHAVIORAL HEALTH TRANSPORT INC and HARALAMBOS BARAKOS, individually, for the payment of all unpaid wages due for the hours worked by WEINSTOCK, for which he was not properly compensated, including prejudgment interest, liquidated damages, reasonable attorneys' fees and costs, and for all other relief as this Honorable Court may deem just and proper.

### Count V – Minimum Wage Violation of Florida Statute § 448.110 as to BHT and BARAKOS

88.  WEINSTOCK avers all of the allegations contained in paragraphs 1 through 45, and incorporates them by reference as though they were fully set forth herein.

89.  WEINSTOCK brings this action against BHT and BARAKOS for unpaid wages and and/or money owed to him pursuant to the Florida Statute § 448.110.

90.  WEINSTOCK is entitled to be paid time at least Florida's minimum wage for each hour that he worked for BHT and BARAKOS within the two (2) year statute of limitations period, between November 2012 and October 2015.

91.  When WEINSTOCK performed work for BHT and BARAKOS, he was not compensated at least Florida's minimum wage. In fact, he was not compensated at all.

92.  WEINSTOCK was not compensated for work performed between November 2012 and January 2015, or for the last week that he worked in October 2015.

93.  Florida's minimum wage in 2015 was $8.05 per hour. § 448.110, Fla. Stat. (2015).

94. BHT and BARAKOS knowingly, willfully, and intentionally violated Florida Statute § 448.110 when they failed to pay WEINSTOCK at least Florida's minimum wage for each hour that he worked.

95. BHT and BARAKOS knowingly and willfully failed to pay WEINSTOCK at least Florida's minimum wage for all of the hours that he worked each week.

96. By reason of the said intentional, willful and unlawful acts of BHT and BARAKOS, WEINSTOCK has suffered monetary losses by being denied wages, pursuant to Florida Statute § 448.110.

97. As a result of BHT and BARAKOS' violations of Florida Statute § 448.110, WEINSTOCK is entitled to the full amount of back pay, plus an equal amount as liquidated damages. § 448.110(6)(c), Fla. Stat.

98. WEINSTOCK has retained the undersigned counsel to represent him in this action, and pursuant to § 448.110(6)(c)(2), Fla. Stat., he is entitled to recover all of his reasonable attorneys' fees and costs incurred in this action from BHT and BARAKOS.

WHEREFORE, the Plaintiff, SHAWN WEINSTOCK respectfully requests judgment against the Defendants, BEHAVIORAL HEALTH TRANSPORT INC and HARALAMBOS BARAKOS, individually, for the payment of all unpaid wages due for the hours worked by WEINSTOCK, for which he was not properly compensated, including prejudgment interest, liquidated damages, reasonable attorneys' fees and costs, and for all other relief as this Honorable Court may deem just and proper.

### Demand for Trial by Jury

The Plaintiff demands a trial by jury on all issues so triable.

Dated: January 11, 2016

                                    Respectfully submitted,

                                    s/ Rebecca Radosevich
                                    Rebecca Radosevich
                                    Florida Bar No.: 91205
                                    Serv529@LegalBrains.com
                                    Rradosevich@LegalBrains.com
                                    **THE TICKTIN LAW GROUP, P.A.**
                                    600 West Hillsboro Boulevard
                                    Suite 220
                                    Deerfield Beach, Florida 33441-1610
                                    Telephone: (954) 570-6757
                                    Facsimile: (954) 418-7120
                                    Attorneys for the Plaintiff